**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**DEINIS MARIA MANJARRES NAVEDA,**

    *Petitioner*,

**v.**                                                          **Case No. 5:26-CV-0018-JKP**

**KRISTI NOEM, Secretary of the Department**
**of Homeland Security, et al.,**

    *Respondents*.

**ORDER GRANTING**
**PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is a Petition for Writ of Habeas Corpus (ECF No. 1) filed pursuant to 28 U.S.C. § 2241. Respondents have filed a response (ECF No. 5) claiming that they lawfully detain Petitioner under 8 U.S.C. § 1225(b)(1) and that Petitioner has not overcome asserted jurisdictional hurdles. The Court finds no need to await a reply. After reviewing the briefing, provided evidence, and applicable law, the Court grants the petition for the same reasons stated in *Ordonez Flores v. Noem*, No. 5:25-CV-1873-JKP, 2026 WL 93429 (W.D. Tex. Jan. 6, 2026); *Diaz Perez v. Thompson*, No. 5:25-CV-1664-JKP, 2025 WL 3654333 (W.D. Tex. Dec. 15, 2025); and *Davila Mercado v. Lyons*, No. 5:25-CV-1623-JKP, 2025 WL 3654268 (W.D. Tex. Dec. 11, 2025). The factual and legal issues presented in this case do not differ in any material fashion from those presented in the identified decisions.

Respondents, however, present two new arguments that deserve brief consideration. They first argue that Petitioner's release on humanitarian parole provides a key difference because that parole was automatically terminated as a matter of law under 8 C.F.R. § 212.5(e)(2) when they served a Notice to Appear on Petitioner in November 2021. Respondents thus contend that such termination reverts Petitioner to the status she was before her release on parole, i.e., a noncitizen apprehended at the border and thus subject to expedited removal proceedings but instead placed

into full removal proceedings at their discretion. Second, the argue that, contrary to Petitioner's assertion, she does not have an active temporary protective status.

The Court does not find that these arguments materially distinguish this case from numerous others that have rejected Respondents' position and their jurisdictional arguments. *See*, *e.g.*, *Ordonez Flores*, 2026 WL 93429; *Diaz Perez*, 2025 WL 3654333; *Davila Mercado*, 2025 WL 3654268. Whether Petitioner has a valid and active temporary protective status simply does not impact the analysis.

Similarly, although Respondents did not raise humanitarian parole as an issue in *Diaz Perez*, that case also involved a mailed Notice to Appear after a prior release under 8 U.S.C. § 1226. While Respondents now argue that release on humanitarian parole distinguishes this case from cases which have found unlawful detention, they provide no case that has found such parole release to impact the matters before this Court. In fact, despite the new argument stated early in their response, the argument has not altered their primary arguments that this Court has routinely rejected. Nor does such argument alter the analysis in this case.

The Court's consistent analysis is that § 1225(b)(1) does not permit Respondents to detain noncitizens under facts like those now before the Court. At least one court has applied the same analysis to reach the same conclusion under facts involving a release on humanitarian parole that was revoked through a served Notice to Appear. *See Campbell v. Almodovar*, No. 1:25-CV-09509 (JLR), 2025 WL 3538351, at *6 (S.D.N.Y. Dec. 10, 2025), *opinion clarified*, No. 1:25-CV-09509 (JLR), 2025 WL 3626099 (S.D.N.Y. Dec. 15, 2025). This Court finds *Campbell* persuasive and fully supportive of this Court's consistent approach in habeas cases involving § 1225(b). Further, to the extent Respondents improperly revoked Petitioner's release on humanitarian parole, such improper revocation makes her ineligible for detention under either 8 U.S.C. § 1225 or § 1226. *See Arias v. Larose*, No. 3:25-CV-02595-BTM-MMP, 2025 WL 3295385, at *4 (S.D. Cal. Nov.

2

25, 2025).

For reasons previously stated in other cases, the Court finds that (1) it has jurisdiction to consider the arguments presented in the instant habeas petition; (2) Respondents have violated provisions of the Immigration and Nationality Act; (3) Petitioner cannot be detained under 8 U.S.C. § 1225(b); (4) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 are not available in habeas corpus proceedings like this one; and (5) *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. 2025) does not preclude granting habeas relief in this case at this time. The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241 and declines to consider any constitutional or other challenge presented. Under the facts and circumstances of this case, this Court concludes Petitioner's detention is unlawful, and habeas relief is proper.

Accordingly, the Court **GRANTS** the Petition for Habeas Corpus (ECF No. 1). It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Deinis Maria Manjarres Naveda from custody, under appropriate conditions of release, to a public place by to a public place **no later than January 17, 2026**.

2. Respondents must **NOTIFY** Petitioner's counsel of the exact location and exact time of his release as soon as practicable and no less than two hours before his release.

3. Any possible or anticipated removal or transfer of Petitioner under this present detention is **PROHIBITED**.

4. If Petitioner is re-detained pursuant to 8 U.S.C. § 1226, all applicable procedures must be followed, including that he be afforded a bond hearing.

5. The parties shall **FILE** a Joint Status report no later than **January 18, 2026**, confirming that Petitioner has been released.

A final judgment will be issued separately.

**IT IS SO ORDERED this 15th day of January 2026.**

_____
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**

4